UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General
of the State of New York,

                    Plaintiffs,

    v.

4 STAR RESOLUTION, LLC, et al.

                    Defendants.

**DECISION AND ORDER**
15-CV-112S

1.      Presently before this Court is Defendant Travell Thomas' motion for the modification of the governing temporary restraining order by unfreezing funds for living expenses.  Specifically, Defendant requests that he be allowed to use $7,500 monthly from the approximately $70,000 he withdrew from a TDT Consulting Corporation account following the implementation of the TRO.  Defendant also seeks clarification that the TRO is intended to restrain only the assets of those Corporate Defendants which engaged in the collection of debt and other activities governed by the Fair Debt Collection Practices Act.  Finally, Defendant requests that this Court make "arrangements . . . through the Receiver, for the corporations to pay taxes due to the government . . . due on April 15, [2]015." (Docket No. 45.)

2.      Initially, Defendant's argument that the TRO is ambiguous as to whether the asset freeze applies to personal funds or funds from the TDT Consulting Corporation account is without merit.  The TRO expressly enjoined Defendant from withdrawing or otherwise disposing of any funds owned or controlled, directly or indirectly, by any Defendant, including "accounts held in whole or in part by TDT

Consulting Corp[oration]." (Docket No. 29 at 10 (§ II (A).) Thus, the question is not whether the funds withdrawn by Defendant Thomas were subject to the asset freeze provision of the TRO – they certainly were – but whether TDT Consulting Corporation is a "business related to the Defendants' debt collection business and which the temporary receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants."   (Docket No. 29 at 7.)   If so, then the TDT Consulting funds are appropriately considered part of the Receivership estate.   Either way, however, Defendant is not entitled to the use of those funds or any frozen personal assets absent a modification of the TRO by this Court.

3. Whether to modify the asset freeze in a temporary restraining order for the purpose of providing living expenses to Defendant Thomas is an issue within the equitable discretion of this Court.  See F.T.C. v. IAB Mktg. Assocs., No. 12-61830-Civ., 2013 WL 2433214, *2 (S.D. Fla. June 4, 2013) (citing F.T.C. v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1432 (11th Cir. 1984)); see F.T.C. v. Think Achievement Corp., 312 F.3d 259, 262 (7th Cir. 2003).   Any determination to modify the asset freeze must account for the fact that this ancillary relief was imposed to ensure this Court's ability to fashion an appropriate remedy, such as restitution to the victims, in the event the F.T.C. is successful in its prosecution of this action. 15 U.S.C. § 53(b); Think Achievement Corp., 312 F.3d at 262; see Commodity Futures Trading Com'n v. Noble Metals Int'l, 67 F.3d 766, 775 (9th Cir. 1995) (denying request for attorneys' fees where frozen assets were insufficient to cover amount needed to compensate victims), *cert denied* 519 U.S. 815 (1996).   In contrast, however, it cannot be ignored that "this suit was brought to establish the [D]efendants' wrongdoing; the [C]ourt cannot assume the wrongdoing before judgment in order to remove the [D]efendants' ability to defend themselves." Fed.

Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 565 (5th Cir. 1987); Think Achievement Corp., 312 F.3d at 262 (equitable release of funds appropriate prior to a judicial determination of what assets are legitimate profit and what assets represent the proceeds of fraud). Accordingly, a determination to unfreeze assets for the purposes of living expenses or defense fees requires consideration of whether a defendant has other available funds, an inquiry that requires full financial disclosure by the defendant, and "the claims of the consumers who were the victims of the defendants' [alleged] wrongdoing."[1] FTC v. OT, Inc., 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006); see Dixon, 835 F.2d at 565 (burden on defendant to show that he or she could not secure the services of an attorney without the release of frozen funds);  FTC v. Construct Data Publishers, No. 13-cv-1999, 2014 WL 7004999, *8 (N.D. Ill. Dec. 11, 2014) (imprudent to release frozen assets without an accounting); see generally Richards v. Moutain Capital Mgmt., No. 10 Civ. 2790 (RMB)(JCF), 2010 WL 2473588, *3 (S.D.N.Y. June 17, 2010); FTC v. Met. Comm'ns Corp., No. 94 Civ. 0142 (JFK), 1995 WL 540053, *1 (S.D.N.Y. Sept. 11, 1995).

4.      Here, even accounting for the early stage of this litigation, Defendant's submissions lack sufficient detail to allow this Court to undertake the required analysis. Although Defendant Thomas submits documents tending to establish his household's monthly expenses, no details are provided about other household income, such as from his wife's referenced part-time work, or his own personal assets (frozen or otherwise). Defendant asserts that his wife's part-time work will not be sufficient to cover all monthly expenses; nonetheless, to the extent Defendant seeks the release of assets for all

---

[1] This Court declines to consider at this time Defendant's argument, raised for the first time in a reply attorney affirmation, that Plaintiffs have overstated that amount of money misappropriated from consumers. See Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005) (citing Playboy Enters., Inc. v. Dumas, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997)).

household expenses, the income and unfrozen assets of other household members must be considered relevant.  Defendant further failed to inform this Court of the $3000 in monthly income he receives from rental units until his reply affidavit. (Thomas Reply Aff ¶ 11.) Defendant's assertion that he has not obtained any reassurance from Plaintiffs that his use of those funds would not violate the TRO would have been an appropriate issue for this Court's consideration on the present motion.  The failure to reference these funds in the initial application, however, deprived Plaintiffs of an opportunity to respond and gave the appearance of a lack of candor on Defendant's part.

5.     Further, an appropriate balance of equities must also take into account the over $400,000 removed from Receivership Defendant accounts after the TRO went into effect, of which at least $218,000 has neither been returned nor sufficiently substantiated as spent for value received.  Defendant's vague assertions that these funds were "made payable to a creditor to whom a payment was due," "to a relative who worked at a debt collection company and was owed a bonus," and "to employees who were in desperate circumstances" are an insufficient accounting. (See Thomas Aff ¶¶ 2, 4.)  With respect to the debt collection company, Defendant argues that Plaintiffs are withholding access to computer records which would confirm a purported $160,000 debt purchase payment.  However, Defendant or his associates apparently had sufficient information to make this payment even after the Receiver took possession of the offices in accordance with the TRO.  It is therefore unclear why more detail regarding this transaction could not have been provided in the present application, or a receipt obtained from the debt seller.  Indeed, the Court was not informed of the purported debt seller's name until Plaintiffs' and the Receiver's responses.  Similarly, although

Defendant asserts that the withdrawals and employee disbursements were made by his sister, no detail regarding those disbursements is provided even in his reply affidavit. Nor is there an affidavit from the sister herself tending to substantiate Defendant's assertions.

6.      Defendant's motion for a modification of the TRO to allow for living expenses is denied at this time.  The Court will presume that the deficiencies in the present application were the result of haste and not a deliberate attempt to mislead or obfuscate the facts; the application is therefore denied without prejudice.

7.      Finally, with respect to Defendant's request that this Court make arrangements to have the Receiver pay corporate taxes, the Receiver is already authorized to take such actions necessary to manage and administer the business of the Corporate Defendants. (See Docket No. 29 at 19.)  To the extent that the corporate taxes are an obligation incurred prior to the effective date of the TRO requiring prior approval of this Court (Id.), such approval may be expedited as necessary.


IT HEREBY IS ORDERED that Defendant Thomas' motion for a modification of the TRO for living expenses [45] is DENIED without prejudice.

SO ORDERED.

Dated:  March 30, 2015
        Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Senior United States District Judge