UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, and<br><br>**PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York**,<br><br>          Plaintiffs,<br>     v.<br><br>**4 STAR RESOLUTION LLC**, et al.<br><br>          Defendants. | Case No. 15-CV-112S |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE SEVERAL OF DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiffs the Federal Trade Commission ("FTC") and the State of New York, Office of the Attorney General ("NYAG") (collectively, "Plaintiffs") submit this memorandum of law in support of their motion to strike several of Defendants' affirmative defenses as legally insufficient.

**I.     PRELIMINARY STATEMENT**

On February 9, 2015, Plaintiffs filed the instant action against 4 Star Resolution LLC ("4 Star Resolution"), Profile Management, Inc. ("PMI"), International Recovery Service LLC ("International Recovery"), Check Solutions Services Inc. ("Check Solutions"), Check Fraud Service LLC ("Check Fraud"), Merchant Recovery Service, Inc. ("Merchant Recovery"), Fourstar Revenue Management, LLC ("Fourstar Revenue") (collectively, the "Corporate Defendants"), and Travell Thomas, Maurice Sessum, and Charles Blakely III (all collectively, with the Corporate Defendants, "Defendants"). (Dkt. No. 1.) Plaintiffs asserted nine causes of action in their Complaint, brought pursuant to the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p,

New York Executive Law § 63(12), and New York General Business Law ("GBL") Articles 22-A and 29-H.  Defendants responded by filing three separate Answers,[1] which assert, among others, the following affirmative defenses: unclean hands, laches, estoppel, waiver, failure to join necessary parties, statute of limitations, and right to counsel.[2]  For the reasons set forth below, all these affirmative defenses are legally insufficient, and should be stricken from the Answers.

## II.    STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Courts strike affirmative defenses when the allegations would cause delay, confuse issues, or result in time and money being spent to litigate irrelevant defenses.  *See SEC v. Sarivola,* No. 95 Civ. 9270 (RPP), 1996 WL 304371, at *1 (S.D.N.Y. June 6, 1996).  "Additionally, defenses which would tend to significantly complicate the litigation are particularly vulnerable to a motion to strike."  *SEC v. Gulf & Western Indus.,* 502 F. Supp. 343, 345 (D.D.C. 1980) (granting motion to strike defenses of laches, estoppel, and unclean hands); *see FTC v. Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249 (E.D.N.Y. Oct. 5, 2011) (granting motion to strike defenses of unclean hands, laches, and estoppel); *FTC v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357 (D. Conn. Jan. 25, 2006) (granting motion to strike certain defenses, including laches and waiver).

---

[1] Defendant Sessum filed his Answer on April 29, 2015.  (Docket No. 106.)  Defendant Thomas and all of the Corporate Defendants except for Merchant Recovery (the "Thomas Defendants") filed an Answer on May 1, 2015, then filed an Amended Answer and counterclaim on May 5, 2015.  (Docket Nos. 107 & 112.)  Defendants Blakely and Merchant Recovery (the "Blakely Defendants") filed their Answer on May 1, 2015.  (Docket No. 109.)  Plaintiffs will separately move to dismiss the Thomas Defendants' counterclaim.

[2] Table 1 to this Memorandum of Law is a chart that sets forth each affirmative defense addressed in this motion to strike with citations to each of the Answers.

**III. DEFENDANTS' AFFIRMATIVE DEFENSES OF UNCLEAN HANDS, LACHES, ESTOPPEL, WAIVER, FAILURE TO JOIN NECESSARY PARTIES, STATUTE OF LIMITATIONS, AND RIGHT TO COUNSEL SHOULD BE STRICKEN FROM THEIR ANSWERS BECAUSE THEY FAIL TO MEET THE APPLICABLE PLEADING STANDARD.**

It is insufficient to merely plead an affirmative defense without factual allegations. *See Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *5 (E.D.N.Y. Oct. 5, 2011); *Fed. Nat'l Mortgage Ass'n v. Olympia Mortgage Corp.,* 04 CV 4971, 2007 WL 3077045, at *4 (E.D.N.Y. Oct. 22, 2007); *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) ("Pleading the words 'unclean hands' without more . . . is not a sufficient statement of such defense."); *Robbins v. Growney*, 229 A.D.2d 356, 358 (1st Dep't 1996) ("bare legal conclusions are insufficient to raise an affirmative defense").[3] The plausibility standard for pleading set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009), applies to affirmative defenses. *See Tracy v. NVR, Inc.,* No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) (*citing Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996)), *report and recommendation adopted as modified*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009). "[A]ffirmative defenses that contain only 'bald assertions' unaccompanied by supporting facts will be stricken." *Tracy*, 2009 WL 3153150, at *7-8 (striking defenses of statute of limitations, estoppel, unclean hands, and waiver). In *Olympia Mortgage,* the defendant identified no basis for its affirmative defense that the plaintiff's claim was "barred by the doctrines of waiver, estoppel, ratification and 'unclean hands.'" 2007 WL 3077045, at *4 (internal quotations omitted). Thus, the District Court struck this insufficient affirmative defense. *Id*. at *5.

---

[3] *See also Bentivegna v. Meenan Oil Co.*, 126 A.D.2d 506, 508 (2d Dep't 1987); *People v. Trump Entrepreneur Initiative LLC*, 2014 WL 5241483 (Sup. Ct., N.Y. Co. 2014).

The Answer filed by the Blakely Defendants provides no factual bases for their affirmative defenses of unclean hands, laches, estoppel, waiver, failure to join necessary parties, statute of limitations, and right to counsel, and thus constitute the "bald assertions" described by the court in *Tracy*. For example, the Blakely Defendants allege without more that "Plaintiffs' Complaint must be dismissed . . . [because they] have failed to join necessary and indispensable parties to this action." Blakely Defs.' Answer Fifth Affirmative Defense (Dkt. 109). The Blakely Defendants failed to even identify the "necessary parties" whose alleged joinder is essential to maintain this action or even whether these unidentified "necessary parties" would be plaintiffs or defendants. *See id.*

Although the Answers filed by the Thomas Defendants and Defendant Sessum purport to provide some supporting facts, those "facts" are conclusory allegations that Plaintiffs deliberately brought this action and issued press releases in order to destroy Defendants' reputations and deprive them of the right to counsel. Such "facts" do not meet the pleading standards set forth in *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 545 (to survive dismissal, pleading requires more than "labels and conclusions" and "a formulaic recitation of a cause of action's elements will not do."); *Iqbal*, 555 U.S. at 681 (conclusory allegations that the government deliberately subjected the plaintiff to discrimination are not entitled to a presumption of truth).

## IV. DEFENDANTS' AFFIRMATIVE DEFENSES OF UNCLEAN HANDS, LACHES, ESTOPPEL, AND WAIVER SHOULD BE STRICKEN FROM THEIR ANSWERS BECAUSE THEY ARE LEGALLY INSUFFICIENT.

"Equitable defenses against government agencies are strictly limited." *SEC. v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989). "[A] defense should be struck when it is clearly 'irrelevant and frivolous and its removal from the case

would avoid wasting unnecessary time and money litigating the invalid defense.'" *Id.* (*quoting Gulf & Western Indus.,* 502 F. Supp. at 345); *accord EEOC v. Bay Ridge Toyota, Inc*., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

Unclean hands, laches, estoppel, and waiver are not defenses against the government in a civil suit to enforce a public right, such as this matter. *See, e.g*., *Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *7-14 (E.D.N.Y. Oct. 5, 2011) (striking defenses of unclean hands, laches, and equitable estoppel); *FTC v. Debt Solutions, Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) (striking unclean hands, laches, estoppel, and waiver because they "are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power."); *United States v. Philip Morris, Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) (unclean hands defense insufficient as a matter of law); *Bronson Partners*, 2006 WL 197357, at **1-2 (striking laches and waiver defenses); *FTC v. Am. Microtel, Inc.*, No. CV-S-92-178-LDG(RJJ), 1992 WL 184252, at *1 (D. Nev. June 10, 1992) (striking laches and estoppel); *Gulf & Western*, 502 F. Supp. at 348 (striking unclean hands, laches, and equitable estoppel); *Capruso v. Village of Kings Point*, 23 N.Y.3d 631, 641-42 (2014) (laches does not apply to the State "acting in a governmental capacity to protect a public interest"); *Daleview Nursing Home v. Axelrod*, 62 N.Y.2d 30, 33 (1984) ("estoppel is not available against a governmental agency in the exercise of its governmental functions").

    A.    <u>The Defense of Unclean Hands Should be Stricken Because Plaintiffs Have Not Engaged in Any Misconduct, Much Less Egregious Misconduct, During Their Investigation that Resulted in a Constitutional Level of Prejudice.</u>

Defendants' affirmative defense of unclean hands should be stricken because this defense is generally unavailable against a government agency. *See Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *7 (E.D.N.Y. Oct. 5, 2011); *United States v.*

*Manhattan-Westchester Med. Servs., P.C.*, No. 06 Civ. 7905 (WHP), 2008 WL 241079, at *4 (S.D.N.Y. Jan. 28, 2008) (granting government's motion to strike defenses of laches and unclean hands); *Am. Microtel*, 1992 WL 184252, at *1.  The doctrine of unclean hands "'may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest.'"  *Philip Morris, Inc.*, 300 F. Supp. 2d at 75 (*quoting Gulf & Western*, 502 F. Supp. at 348); *see Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *7 (E.D.N.Y. Oct. 5, 2011).  Courts have permitted the defense of unclean hands to stand against the government only in very limited situations where (1) the agency's misconduct is egregious, (2) the misconduct occurred during the investigation leading to the suit, and (3) the resulting prejudice rises to a constitutional level.  *See Elecs. Warehouse*, 689 F. Supp. at 73; *People v. Trump Entrepreneur Initiative LLC*, 2014 WL 5241483 (Sup. Ct., N.Y. Co. 2014) (in asserting unclean hands against the State, defendants must show that the State's misconduct (1) was egregious, (2) occurred during the investigation leading to the suit and (3) actually prejudiced the defendants in defending the action.).

Defendants cannot meet this standard because they cannot establish any set of facts that would demonstrate that Plaintiffs engaged in any misconduct, let alone misconduct that was so egregious that Defendants were prejudiced on a constitutional level.  Moreover, Defendants base their "unclean hands" defense on the publication of press releases following the Court's entry of a Temporary Restraining Order, as well as on Plaintiffs' filing an *ex parte* motion for a Temporary Restraining Order with asset freeze.[4]  Because Plaintiffs published the press releases and moved for a Temporary Restraining Order *after* filing their Complaint in this case, the alleged misconduct occurred during litigation rather than during the accrual of the action.  *See*

---

[4] Thomas Defendants' Amended Answer, Third Affirmative Defense (Dkt. 112); Sessum Answer Second Affirmative Defense (Dkt. 106).

6

*Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *9 (E.D.N.Y. Oct. 5, 2011) ("'[c]onduct which occurs during the litigation of a lawsuit, rather than during the accrual of the action, cannot form the basis of an equitable defense.'") (*quoting Bay Ridge Toyota*, 327 F. Supp. 2d at 173); *Elecs. Warehouse*, 689 F. Supp. at 73 (same).

Thus, the defense of unclean hands should be stricken from each of the Answers.

    B.    <u>Laches Is Inapplicable in This Case Because Defendants' Unlawful Conduct Was Ongoing When Plaintiffs Initiated This Action in the Public Interest.</u>

The Thomas Defendants and Defendant Sessum base their affirmative defense of laches on Plaintiffs having brought this action several years after first receiving consumer complaints.[5] However, Defendants have not denied that their law violations continued until Plaintiffs filed their Complaint.[6] Plaintiffs located and filed evidence of Defendants' most recent law violations with their opposition to the Thomas Defendants' Motion to Reopen their Business. (Dkt. 71-78.) Because Plaintiffs brought the instant action in the public interest to halt Defendants' ongoing deceptive and fraudulent practices, Defendants' affirmative defense of laches is legally insufficient.

"[C]ourts in this Circuit and others routinely grant motions to strike a laches defense when it is asserted against the FTC." *Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *11 (E.D.N.Y. Oct. 5, 2011); *see Bronson Partners*, 2006 WL 197357, at *1. Except in the most egregious circumstances, "the United States is not . . . subject to the defense of laches in enforcing its rights." *United States v. Summerlin,* 310 U.S. 414, 414 (1940); *see United States v. Bowman Poultry Farms, Inc.*, No. 92-CV-80S, 1994 WL 577524, at

---

[5] The Blakely Defendants provide no factual basis for their laches defense.

[6] In their motion to reopen their business, the Thomas Defendants annexed correspondence from a consultant dated January 8, 2015, which stated, among other things, that each script that Mr. Thomas had submitted to him for review had numerous violations of both federal and state statutes. (Dkt 57-1.)

7

*4 (W.D.N.Y. Sept. 30, 1994).  Indeed, "laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest."  *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002); *see FTC v. Crescent Pub. Grp., Inc.*, 129 F. Supp. 2d 311, 324 (S.D.N.Y. 2001) ("'As a general rule laches or neglect of duty on the part of officers of the Government is no defense to a suit by it to enforce a public right or protect a public interest'") (*quoting Nevada v. United States*, 463 U.S. 110, 141 (1983)).  Accordingly, the defense of laches against the FTC's claims is legally insufficient.

The defense of laches against the State also fails.  The New York Court of Appeals has ruled that laches does not apply where "the State is acting in a governmental capacity to protect a public interest."  *Capruso v. Village of Kings Point*, 23 N.Y.3d 631, 641-42 (2014).  "Moreover, the doctrine of laches has no application when plaintiffs allege a continuing wrong."  *Id.*

Thus, the affirmative defense of laches should be stricken from Defendants' Answers.

C. <u>Defendants' Affirmative Defense of Estoppel Should Be Stricken as Legally Insufficient Because They Cannot Allege Any Reliance.</u>

Defendants' affirmative defense of estoppel is legally insufficient because they have not alleged that they relied on any affirmative act or statement made by Plaintiffs.

"[T]he party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse,' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading."  *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59 (1984) (*citing Wilber Nat'l Bank v. United States*, 294 U.S. 120, 124-125 (1935)).  "It is well settled that the Government may not be estopped on the same terms as any other litigant."  *Heckler*, 467 U.S. at 60; *see also ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (agreeing with district court that equitable estoppel will not lie against the Small

8

Business Administration, and noting that "[t]he case for estoppel against the government must be compelling, and will certainly include proof of each of the traditional elements of the doctrine"); *Daleview Nursing Home v. Axelrod*, 62 N.Y.2d 30, 33 (1984) (estoppel defense not available against the government). "This Circuit thus has stressed that '[t]he doctrine of equitable estoppel is not available against the government except in the most serious of circumstances, . . .' and only then upon a showing of 'affirmative misconduct' by the government." *Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *13 (E.D.N.Y. Oct. 5, 2011) (*quoting Rojas-Reyes v. Immigration & Naturalization Serv.*, 235 F.3d 115, 126 (2d Cir. 2000)); *In re Beacon Assocs. Litig.,* No. 09 Civ. 777(LBS)(AJP), 10 Civ. 8000(LBS)(AJP), 2011 WL 3586129, at *3  (S.D.N.Y. Aug. 11, 2011) (citations omitted).

Defendants fail to point to any statement made by either Plaintiff upon which they relied to their detriment. Rather, like their laches defense, the Thomas Defendants premise their estoppel defense on the alleged delay by Plaintiffs in bringing their action. Thomas Defs.' Answer Eleventh Affirmative Defense (Dkt. 112).[7] Even if it were true that the Thomas Defendants relied to their detriment on Plaintiffs' failure to bring an action against them earlier, they have not alleged any reliance on an affirmative statement or action by Plaintiffs, which is necessary for the defense of estoppel to apply. *See Sarivola*, 1996 WL 304371, at *1 (motion to strike estoppel defense granted where defendants failed to identify any conduct by the SEC upon which they relied).

Defendants' estoppel defense should be stricken from their Answers because they have not, and cannot, allege reliance on any affirmative statement or action by Plaintiffs.

---

[7] The Blakely Defendants do not assert any factual basis for their laches defense. Blakely Defs.' Answer Third Affirmative Defense (Dkt. 109).

D. <u>Defendants' Affirmative Defense of Waiver Is Likewise Unsustainable.</u>

Waiver is unavailable as a defense when the FTC is enforcing an act of Congress. *Bronson Partners*, 2006 WL 197357, at *2 ("[t]he FTC may not waive the requirement of an act of Congress") (*citing SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1954)); *see also SEC v. Cooper*, 402 F. Supp. 516, 524 (S.D.N.Y. 1975) ("the Commission cannot waive compliance with an act of Congress"). The waiver defense also may not stand against the New York State Attorney General, where, as here, it is acting in its governmental capacity. *Rodriguez v. City of New York*, 169 A.D.2d 532 (1st Dep't 1991) (defense of waiver unavailable against a government agency acting in a governmental capacity). Despite the Thomas Defendants' and the Blakely Defendants' allegation[8] that Plaintiffs waived their claims by allegedly delaying filing this action, there is no legal support for this theory.[9]

Accordingly, the affirmative defense of waiver should be stricken from the Thomas Defendants' and the Blakely Defendants' Answers.

## V. DEFENDANTS' AFFIRMATIVE DEFENSE BASED ON STATUTE OF LIMITATIONS AGAINST THE FTC SHOULD BE STRICKEN BECAUSE THERE IS NO STATUTE OF LIMITATIONS FOR THE FTC'S CLAIMS.

All Defendants' Answers claim, in a conclusory manner, that the FTC's claims are barred by the statute of limitations.[10] Defendants cannot assert a statute of limitations defense against the United States government, however, unless the statute in question contains an express limitations period. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993)

---

[8] Defendant Sessum did not assert a defense of waiver.

[9] In addition, this defense is essentially the same as Defendants' laches defense.

[10] Plaintiffs are moving to strike the statute of limitations defenses as to plaintiff FTC's claims only.

("In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period.").

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), has no statute of limitations.  *See FTC v. Minuteman Press Int'l, Inc.*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998); *FTC v. Ivy Capital, Inc.*, No. 2:11-CV-283 JCM (GWF), 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (striking statute of limitations affirmative defense and finding that "Section 13(b) of the Federal Trade Commission Act specifies no statute of limitations period").  In fact, the express language of Section 13(b) provides that the FTC may bring suit "whenever" it has reason to believe a violation has occurred.  15 U.S.C. § 53(b); *see also Ivy Capital*, 2011 WL 2470584, at *2.

The FDCPA also has no express limitations periods for government enforcement actions.  *See FTC v. CompuCredit Corp.*, No. 1:08-CV-1976-BBM-RGV, 2008 WL 8762850, at *10-12 (N.D. Ga. Oct. 8, 2008).  The statute of limitations period set forth in Section 813 of the FDCPA, 15 U.S.C. § 1692k(d), "applies only to actions by 'consumers' against 'debt collectors.' . . .  In contrast, this is an enforcement action brought by the FTC, a law enforcement agency authorized to enforce the FDCPA."  *Id.* at *10.  Because "violations of the FDCPA are 'deemed an unfair or deceptive act or practice' in violation of the FTC Act . . . the statute of limitations applicable to this case is that provided under the FTC Act and not the FDCPA."  *Id.* at *10.  Accordingly, there is no statute of limitations in FTC actions brought pursuant to § 13(b) of the FTC Act to enforce violations of the FDCPA.  *Id.* at *10-12.

As the Statute of Limitations Defenses are insufficient as a matter of law as to the FTC, they should be stricken with respect to the FTC's claims.

## VI. DEFENDANTS' AFFIRMATIVE DEFENSE OF "RIGHT TO COUNSEL" SHOULD BE STRICKEN BECAUSE THERE IS NO CONSTITUTIONAL RIGHT TO COUNSEL IN CIVIL ACTIONS.

Defendants' affirmative defense that they were deprived of a Constitutional right to counsel as a result of the court-ordered asset freeze in this case is without legal support.  It is well settled that the Sixth Amendment right to counsel by its terms is limited to "criminal prosecutions."  Thus, there generally is no Sixth Amendment right to counsel in civil cases.  *See Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011); *United States v. Vilar*, 979 F. Supp. 2d 443, 445-46 (S.D.N.Y. 2013) (stating that there is no Sixth Amendment right to counsel in civil cases).

Although the Supreme Court in *Turner* recognized a few exceptions where an indigent defendant could be entitled to appointed counsel in civil actions, those exceptions arose only in the limited instances where the litigant risked losing his physical liberty if he lost the litigation.  *See* 131 S. Ct. at 2516.  These instances included a civil juvenile delinquency proceeding (which could lead to incarceration) and a proceeding to transfer a prison inmate to a state hospital for the mentally ill.  *See id.*  These situations are markedly different situations than the one here, where Defendants do not face any loss of physical liberty from Plaintiffs' claims.

Similarly, in New York State, when the government proceeds against an individual, the individual does not have the right to counsel unless he or she is threatened with the "risk of loss of liberty or grievous forfeiture."  *Matter of Smiley*, 36 N.Y.2d 433, 437 (1975).  Defendants here are at no risk of loss of liberty as the result of this civil action.  Nor are Defendants at risk of "grievous forfeiture" because the State seeks to recover property which is the proceeds of Defendants' fraudulent and deceptive conduct.  *See Morgenthau v. Garcia*, 148 Misc.2d 900, 904 (N.Y. Sup. Ct. 1990) (request for the appointment of counsel by an incarcerated defendant

subject to civil forfeiture denied even though the action, "if successful, might represent a fairly large sum of money to him").

Because the instant case does not fall within any recognized exception giving rise to a right to counsel in a civil matter, the affirmative defense of right to counsel is unsustainable in this case and should be stricken.

## VII. THE INCLUSION OF THESE DEFENSES WOULD PREJUDICE THE PLAINTIFFS

If permitted to remain in this case, Plaintiffs will be prejudiced because Defendants presumably will use these affirmative defenses as a basis to conduct extensive discovery of the FTC and the New York Attorney General concerning their conduct in their investigation and their litigation decisions. *See Consumer Health Benefits Ass'n*, No. 10 CIV. 3551 ILG RLM, Document No. 249, at *15 (E.D.N.Y. Oct. 5, 2011) (prejudice clear where defendant sought to discover the internal workings of the FTC's investigation). Plaintiffs would seek to withhold such information on the basis of attorney work product. Unnecessary motion practice would likely ensue, which would distract the Court and waste the parties' time and money, as these defenses are deficient as a matter of law. *See id.* (striking defenses because allowing them to remain would prejudice the FTC "'by needlessly lengthening and complicating the discovery process and trial of this matter.'") (*quoting Bay Ridge Toyota*, 327 F. Supp. 2d at 174.)

For the reasons set forth above, these defenses should be stricken.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the affirmative defenses discussed herein.

Dated: May 20, 2015

Respectfully submitted,

/s/ Robin E. Eichen
ROBIN E. EICHEN
KAREN DAHLBERG
BRIAN N. LASKY
KAREN V. GOFF
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Telephone: (212) 607-2803 (Eichen)
Telephone: (212) 607-2821 (Dahlberg)
Telephone: (212) 607-2814 (Lasky)
Telephone: (212) 607-2811 (Goff)
Facsimile:  (212) 607-2822
Email: reichen@ftc.gov
Email: kdahlberg@ftc.gov
Email: blasky@ftc.gov
Email:kgoff@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*


/s/ James M. Morrissey
JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471
Facsimile:  (716) 853-8414
Email:  james.morrissey@ag.ny.gov
*Attorney for Plaintiff State of New York*

## TABLE 1

| Affirmative Defense | The Thomas Defendants' Amended Answer | The Sessum Answer | The Blakely Defendants' Answer |
|---|---|---|---|
| Unclean Hands | Third Affirmative Defense | Second Affirmative Defense | Ninth Affirmative Defense |
| Laches | Seventh Affirmative Defense | Sixth Affirmative Defense | Third Affirmative Defense |
| Estoppel/Waiver | Eleventh Affirmative Defense | n/a | Third Affirmative Defense |
| Failure to Join Necessary Parties | n/a | n/a | Fifth Affirmative Defense |
| Statute of Limitations | Sixth Affirmative Defense | Fifth Affirmative Defense | Seventh Affirmative Defense |
| Right to Counsel | Fourth Affirmative Defense | Third Affirmative Defense | Tenth Affirmative Defense |