UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,

                Plaintiffs,

v.

4 STAR RESOLUTION, LLC, *et al.*

                Defendants.

**DECISION AND ORDER**
15-CR-112S

1.    Presently before this Court is the motion of counsel for Defendants Charles Blakely, III, and Merchant Recovery Service, Inc. ("MRS"), seeking an order releasing certain frozen assets for the purpose of living expenses for Defendant Blakely and the payment of attorneys' fees. (Docket No. 137.) Specifically, Defendants request an order: (1) directing counsel to submit monthly billing statements to this Court for approval and payment by the Receiver; and (2) directing the Receiver to provide Defendant Blakely a monthly allowance of $5,000 for living expenses, subject to monthly reporting on attempts to obtain new employment. For the following reasons, the motion is denied.

2.    As has been previously stated, just as this Court has the authority to freeze assets in this civil enforcement action, it also has the discretion to unfreeze those assets when equity requires. See F.T.C. v. IAB Mktg. Assocs., No. 12-61830-Civ., 2013 WL 2433214, *2 (S.D. Fla. June 4, 2013) (citing F.T.C. v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1432 (11th Cir. 1984)); see F.T.C. v. Think Achievement Corp., 312 F.3d 259,

262 (7th Cir. 2003). Any determination to modify the asset freeze in the governing temporary restraining order must account for the fact that this ancillary relief was imposed to ensure this Court's ability to fashion an appropriate remedy, such as restitution to the victims, in the event the F.T.C. is successful in its prosecution of this action. 15 U.S.C. § 53(b); Think Achievement Corp., 312 F.3d at 262; see Commodity Futures Trading Com'n v. Noble Metals Int'l, 67 F.3d 766, 775 (9th Cir. 1995) (denying request for attorneys' fees where frozen assets were insufficient to cover amount needed to compensate victims), *cert denied* 519 U.S. 815 (1996). In contrast, however, it cannot be ignored that "this suit was brought to establish the [D]efendants' wrongdoing; the [C]ourt cannot assume the wrongdoing before judgment in order to remove the [D]efendants' ability to defend themselves." Fed. Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 565 (5th Cir. 1987); Think Achievement Corp., 312 F.3d at 262 (equitable release of funds for attorneys' fee appropriate prior to a judicial determination of what assets are legitimate profit and what assets represent the proceeds of fraud).

3.      Accordingly, a determination to unfreeze assets for the purposes of living expenses or defense fees requires consideration of "whether the defendants have other available funds by which to pay their attorneys, which requires full financial disclosure by the defendants," and "the claims of the consumers who were the victims of the defendants' [alleged] wrongdoing." FTC v. OT, Inc., 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006); see Dixon, 835 F.2d at 565 (burden on defendant to show that he or she could not secure the services of an attorney without the release of frozen funds); FTC v. Construct Data Publishers, No. 13-cv-1999, 2014 WL 7004999, *8 (N.D. Ill. Dec. 11, 2014) (imprudent to release frozen assets without an accounting); see generally

Richards v. Moutain Capital Mgmt., No. 10 Civ. 2790 (RMB)(JCF), 2010 WL 2473588, *3 (S.D.N.Y. June 17, 2010); FTC v. Met. Comm'ns Corp., No. 94 Civ. 0142 (JFK), 1995 WL 540053, *1 (S.D.N.Y. Sept. 11, 1995).

4. Despite this standard being set forth in several prior orders in this case, (see Docket Nos. 93, 105), Defense counsel's initial submission fails to discuss either the amount of frozen assets attributable to Defendants Blakely and MRS or the alleged amount of the consumers' claims in this case. see OT, Inc., 467 F. Supp. 2d at 866. Further, counsel's request that billing statements be reviewed *in camera* by this Court on a monthly basis and then referred to the Receiver for payment is inconsistent with this standard. As this Court has previously stated, defense counsel in this action are not appointed, (Docket No. 105), and an argument regarding the reasonableness of the fees accrued is alone insufficient to support modification of an injunctive order. Further, according to the billing statement submitted with Defendants' reply, the funds previously released for attorneys' fees cover a majority of the charges accrued to date. Therefore this Court finds no prejudice in declining the further release of funds for this purpose until the parties have fully briefed their arguments regarding the continuation of the asset freeze provision of the temporary restraining order ("TRO").

5. With respect to the request for release of monthly living expenses for Defendant Blakely, Defendants submitted over 200 pages of Defendant Blakely's bank statements without any explanation or argument as to what these documents are intended to evidence. Instead, only a few of the deposits made each month are identifiable as payroll or other funds from MRS, raising a question as to the source of the remaining unidentified deposits. Nonetheless, Plaintiffs do not dispute Defendant Blakely's

assertion that he has no current sources of income or other assets available from which to pay for his living expenses.

6.     Plaintiffs instead oppose the release of funds for Blakely's living expenses because: (1) Blakely improperly withdrew funds from frozen accounts after the entry of the TRO in this case; and (2) those frozen funds attributable to Defendants Blakely and MRS should be preserved for victim compensation, an amount exceeding §30 million as estimated based on Defendants' revenue, in the event Plaintiffs are successful in this action.  With respect to the February 11, 2015 withdrawal, the Court notes that there is at least a colorable argument whether Defendant Blakely had been served a copy of the TRO at the time of the withdrawal.  Further, although there is no dispute that the frozen assets attributable to Defendants Blakely and MRS are a mere fraction of the currently estimated consumer claims,[1] the Court finds that the balance of equities, particularly in light of the length of time the asset freeze TRO has remained in place, requires the release of some funds at this time.

7.     To that end, the Receiver is directed to release to Defendant Blakely the $1061.77 from Defendant Blakely's personal accounts and $5,000 from frozen funds attributable to MRS.  However, the request for a renewable monthly stipulation beyond this release is denied.  The parties are currently scheduled to complete briefing on the continuation of the asset freeze by August 26, 2015. (Docket No. 117.)  It is anticipated that, during these submissions, the parties will more thoroughly detail their arguments regarding the estimated need of funds for consumer compensation.  Accordingly, any requests for the further release of funds may be made in light of such arguments during

---

[1] This statement is true regardless of whether the Court credits Defendants' assertion, made without anecdotal or evidentiary support in the present submissions, that additional funds in a Profile Management account in fact belong to MRS.

4

or subsequent to that briefing.

IT HEREBY IS ORDERED that the motion of Defendants Blakely and Merchant Recovery Service, Inc., for the Release of Certain Funds (Docket No. 137) is GRANTED in part and DENIED in part as specified above;

FURTHER, that the Receiver is directed to release to Defendant Blakely the $1061.77 from Defendant Blakely's personal accounts and $5,000 from frozen funds attributable to MRS.

SO ORDERED.

Dated: July 14, 2015
Buffalo, New York

                                                       <u>/s/William M. Skretny</u>
                                                       WILLIAM M. SKRETNY
                                                       United States District Judge