UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General
of the State of New York,

       Plaintiffs,

  v.               **DECISION AND ORDER**
                    15-CR-112S

4 STAR RESOLUTION, LLC, *et al.*

       Defendants.

1. Presently before this Court is the Receiver's first interim motion for an allowance and award of fees and expenses. Specifically, the Receiver seeks compensation for legal and Receiver services rendered between February 1, 2015 and April 30, 2015 in the amount of $205,650.80, compensation for the forensic accountant services of Chiampou, Travis, Besaw & Kershner LLP in the amount of $8,679.16, and expense reimbursement in the amount of $5,564.98.

2. The amount of a receiver's compensation is to be determined by the court in the exercise of its reasonable discretion. See S.E.C. v. Byers, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008).  Generally, "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.' " Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)); see Byers, 590 F. Supp. 2d at 644 (amount of a receiver's compensation is within a court's reasonable discretion).  Whether a rate or fee is reasonable requires consideration of the totality of circumstances, including "the

complexity of problems faced, the benefits to the receivership estate, the quality of the work performed, and the time records presented." <u>Byers</u>, 590 F. Supp. 2d at 644 (quoting <u>S.E.C. v. Fifth Ave. Coach Lines, Inc.</u>, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973)); <u>see</u> <u>Arbor Hill</u>, 522 F.3d at 190.

3.     This Court has reviewed the detailed billing statements submitted by the Receiver, to which the parties have no objections.  In light of the circumstances of this case, including but not limited to the number of corporate defendants involved and the management of five physical locations in two states, this Court finds both the discounted hourly rates applied and the number of hours expended to be reasonable. Accordingly, the requested fees and expenditures are approved.

IT HEREBY IS ORDERED that the Receiver's First Motion for an Allowance of Compensation and Reimbursement of Expenses (Docket No. 134) is GRANTED;

FURTHER, that the requested amounts of $205,650.80 for legal and Receiver services rendered between February 1, 2015 and April 30, 2015; $5,564.98 for expenses incurred by Hodgson Russ LLP; and $8,679.15 for the forensic accounting services of Chiampou, Travis, Besaw & Kershner LLP are APPROVED;

FURTHER, that the Receiver is authorized and directed to pay the amounts approved in this Decision and Order.

SO ORDERED.

Dated: July 21, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge