UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>**4 STAR RESOLUTION LLC**, a Colorado limited liability company, also doing business as Consumer Recovery Group, Four Star Capital Services, Four Star Resolution Services, LLC, and FS Mediation Group,<br><br>**PROFILE MANAGEMENT, INC.**, a New York corporation,<br><br>**INTERNATIONAL RECOVERY SERVICE LLC**, a New York limited liability company, also doing business as Financial Mediation Group,<br><br>**CHECK SOLUTIONS SERVICES INC.**, a Colorado corporation, also doing business as County Check Services,<br><br>**CHECK FRAUD SERVICE LLC**, a Georgia limited liability company, formerly known as Check Fraud Services, LLC, and also doing business as Check Services and CFS & Associates, Inc.,<br><br>**MERCHANT RECOVERY SERVICE, INC.**, a North Carolina corporation, also doing business as Mandatory Arbitration Services and PDL Recovery Services,<br><br>**FOURSTAR REVENUE MANAGEMENT LLC**, a New York limited liability company,<br><br>**TRAVELL THOMAS**, individually, and as principal, manager, and/or officer of 4 Star Resolution LLC, Profile Management, Inc., International Recovery Service LLC, Check Solutions Services Inc., Check Fraud Service LLC, and Merchant Recovery Service, Inc.,<br><br>**MAURICE SESSUM**, individually, and as principal, manager, and/or officer of 4 Star | Case No. 15-CV-112S<br><br>PRELIMINARY INJUNCTION ORDER WITH AN ASSET FREEZE AND RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES |

Resolution LLC, Profile Management, Inc., International Recovery Service LLC, and Check Fraud Service LLC, and

**CHARLES BLAKELY III**, individually, and as principal, manager, and/or officer of Merchant Recovery Service, Inc.,

     Defendants,

also doing business as American Asset Management, American Asset Recovery, Asset Retention Services, Check Services International, County Arbitration, LLC, Debt Resolution Services, District Restitution Services, Four Star Mediation Group, Global Management Group, Hansen Law Firm, IRG & Associates, PDL Recovery Services, PMI & Associates, Inc., PMR Law Group, Profile Arbitration Enforcement, and other business names.

    Plaintiffs Federal Trade Commission ("FTC") and The People of the State of New York ("State of New York," and, collectively with the FTC, "Plaintiffs") filed a complaint on February 9, 2015 seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), New York Executive Law § 63(12), and New York General Business Law Articles 22-A, § 349, and 29-H, § 602 [Dkt. 1], along with an *ex parte* motion for temporary restraining order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. [Dkt. 4.]

    The Court issued an *ex parte* TRO on February 10, 2015 against the named defendants granting injunctive relief including an asset freeze, appointment of a receiver, immediate access, and limited expedited discovery. [Dkt. 29.] The asset freeze provisions of the TRO expressly extended to any accounts held in whole or in part by TDT Consulting Corp., MTS Enterprise

Corp., and/or M & S Acquisition LLC. [Dkt. 29, § II.] On February 18, 2015, the Court extended the TRO on consent of the parties to March 2, 2015 [Dkt. 36], and on March 2, 2015, the Court extended the TRO on consent of the parties to May 8, 2015 or later [Dkt. 41].

On April 30 and May 1, 2015, the parties stipulated to: (a) enter into a stipulated preliminary injunction order that would substantially replicate the TRO except that it excluded Sections II and III (the "Asset Freeze Provisions"); and (b) extended the Asset Freeze Provisions of the TRO until the Court issues a decision regarding Plaintiffs' motion for a preliminary injunction order regarding a continued asset freeze. [Dkt. 108.] On May 5, 2015, the Court so ordered the Parties' stipulation. [Dkt. 111.]

On May 22, 2015, the Parties entered into a Stipulated Preliminary Injunction Order that substantially replicated the TRO except that it excluded the Asset Freeze Provisions of the TRO (the "Stipulated PI"). [Dkt. 115.] The Stipulated PI was so ordered by the Court on June 2, 2015 [Dkt. 120] and remains in full force and effect.

## FINDINGS OF FACT

This Court, having considered the parties' pleadings, declarations, exhibits, and memoranda, and the arguments presented by the parties, finds that:

1. This Court has jurisdiction over the subject matter of this case, jurisdiction over all the parties hereto, and venue in this district is proper;

2. There is good cause to believe that Defendants 4 Star Resolution LLC; Profile Management, Inc.; International Recovery Service LLC; Check Solutions Services Inc.; Check Fraud Service LLC; Merchant Recovery Service, Inc.; Fourstar Revenue Management LLC; Travell Thomas; Maurice Sessum; and Charles Blakely III

(collectively, "Defendants") have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FDCPA, 15 U.S.C. §§ 1692 – 1692p, New York Executive Law § 63(12), New York General Business Law § 349, and New York General Business Law § 601, and that Plaintiffs are therefore likely to prevail on the merits of this action;

3. There is good cause to believe that Consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act, the FDCPA, New York Executive Law, and New York General Business Law unless Defendants are restrained and enjoined by Order of this Court;

4. There is good cause for continuing the freezing of Defendants' Assets;

5. Weighing the equities and considering Plaintiffs' likelihood of ultimate success, this Order is in the public interest; and

6. The FTC is an independent agency of the United States of America, and no security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

7. 

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, including casino customer accounts, credits, contracts, receivables, shares of stock, and all cash, and reserve funds or other accounts associated with any payments

processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank, wherever located.

B. **"Consumer"** means any person.

C. **"Corporate Defendants"** means 4 Star Resolution LLC, also doing business as Consumer Recovery Group, Four Star Capital Services, Four Star Resolution Services, LLC, and FS Mediation Group; Profile Management, Inc.; International Recovery Service LLC, also doing business as Financial Mediation Group; Check Solutions Services Inc., also doing business as County Check Services; Check Fraud Service LLC, formerly known as Check Fraud Services, LLC, also doing business as CFS & Associates, Inc. and Check Services; Merchant Recovery Service, Inc., also doing business as Mandatory Arbitration Services and PDL Recovery Services; and Fourstar Revenue Management LLC, and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known, including, but not limited to, American Asset Management, American Asset Recovery, ARS Services, Asset Retention Services, Check Services International, CMG Holdings, County Arbitration, LLC, Debt Resolution Services, District Restitution Services, Four Star Mediation Group, FSR Financial Services, FSR Services, Global Management Group, Hansen Law Firm, IRG & Associates, PDL Recovery Services, PMI & Associates, Inc., PMR Law Group, Premier Litigation Group, Profile Arbitration Enforcement, Profile Ent. LLC, Revenue Recovery Service, and United Recovery Services Ltd.

D. **"Defendants"** means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

E. **"Document"** and **"Electronically Stored Information"** are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

   i. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

   ii. Any Electronically Stored Information stored on any server, Blackberrys or any type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offsite by a third-party; and computers and related offline storage used by Defendants or Defendants' participating associates, which may include Persons who are not employees of the company or who do not work on company premises.

F.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, credit card processing company, payment processor, merchant bank, acquiring bank, escrow agent, title company, commodity trading company, or precious metal dealer.

G.     **"Individual Defendants"** means Travell Thomas, Maurice Sessum, and Charles Blakely III.

H.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I.     **"Receiver"** means Garry M. Graber.

J.     **"Receivership Defendants"** means the Corporate Defendants and their subsidiaries, affiliates, divisions, successors, and assigns, as well as any other business related to the Defendants' debt collection business and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants, and includes fictitious names under which Defendants do business.

K.     The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## ASSET FREEZE

I.  **IT IS ORDERED** that Defendants are hereby preliminarily restrained and enjoined from directly or indirectly:

   A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, tax refunds, real or personal property, accounts, contracts, Consumer lists, or any other Assets, or any interest therein, wherever located, including outside the United States, that are: (1) owned or controlled, directly or indirectly, by any Defendant, in whole or in part, or held, in whole or in part for the benefit of any Defendant, including, but not limited to, accounts held in whole or in part by TDT Consulting Corp.; MTS Enterprise Corp.; and/or M & S Acquisition LLC; (2) in the actual or constructive possession of any Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, and any Assets held by, for, or under the name of any Defendant at any bank or savings and loan institution, or with any broker-dealer, credit card processing company, payment processor, merchant bank, acquiring bank, escrow agent, title company, commodity trading company, casino, precious metal dealer, or other Financial Institution or depository of any kind;

B. Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

C. Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant;

D. Obtaining a personal or secured loan;

E. Incurring liens or encumbrances on real property, personal property or other Assets in the name, singly or jointly, of any Defendant; and

F. Cashing any checks from Consumers, clients, or customers of any Defendant.

The funds, property, and Assets affected by this Section shall include: (a) all Assets of each Defendant as of the time this Order is entered, and (b) those Assets obtained after entry of this Order that are obtained from any debt collection activities that predate the entry of this Order. This Section does not prohibit transfers to the Receiver, as specifically required in Section IX of the Stipulated PI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section IV of the Stipulated PI (Repatriation of Foreign Assets).

### RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

II. **IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, credit card processing company, payment processor, merchant bank, acquiring bank, escrow agent, title company, commodity trading company, trust, entity, casino, or Person that holds, controls, or maintains custody of any account or Asset owned or controlled, directly or indirectly, by any Defendant, or that has held, controlled, or maintained any

account or Asset of, or on behalf of, any Defendant, upon service with a copy of this Order, shall:

A.  Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, Assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendant, in whole or in part, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, Documents, or Assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Defendant;

B.  Deny the Defendants access to any safe deposit box titled in the name of any Defendant, individually or jointly, or subject to access by any Defendant, whether directly or indirectly;

C.  Provide counsel for Plaintiffs and the Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

   1.  the identification number of each such account or Asset titled (1) in the name, individually or jointly, of any Defendant; (2) held on behalf of, or for the benefit of, any Defendant; (3) owned or controlled by any Defendant; or (4) otherwise subject to access by any Defendant, directly or indirectly;

   2.  the balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the

        date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted;

3. the identification of any safe deposit box that is either titled in the name of any Defendant or is otherwise subject to access by any Defendant; and

4. if an account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or Asset was closed or removed.

D. *Provided*, such Financial Institutions or other third parties do not have to provide such a certified statement to counsel for Plaintiffs and the Receiver if (1) they have fully complied with the similar provision set forth in Section III of the TRO; and (2) the information provided has not changed.

E. Provide counsel for Plaintiffs and the Receiver, within three (3) business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

**STIPULATED PI REMAINS IN FULL FORCE AND EFFECT**

III.   **IT IS FURTHER ORDERED** that the provisions set forth in the Stipulated PI [Dkt. 115] that was so ordered by the Court on June 2, 2015 [Dkt. 120] remain in full force and effect.

**IT IS SO ORDERED**, this \_\_\_21st\_\_\_ day of \_\_\_November\_\_\_, 2015, at \_\_12:00\_\_ o'clock a.m./p.m.

_____
WILLIAM M. SKRETNY
UNITED STATES DISTRICT JUDGE