UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,

                        Plaintiffs,

   v.                                               **DECISION AND ORDER**
                                                            15-CV-112S

4 STAR RESOULTION, LLC, et al.,

                        Defendants.

      1.      Presently before this Court is a motion by Defendant Travell Thomas ("Thomas") to modify the preliminary injunction in this case, releasing frozen funds to be used for attorney's fees. (Docket No. 210.) Plaintiffs the Federal Trade Commission and the State of New York, Office of the Attorney General oppose the motion and argue that the request should be denied because, *inter alia*, Thomas has failed to offer any evidence of a demonstrated need for this relief. (Docket No. 217.)[1]

      2.      On February 10, 2015, this Court issued a TRO freezing the corporate and personal assets of the Defendants in this case, including Thomas. (Docket No. 29.) On November 21, 2015, finding good cause for continuing the freezing of Defendants' personal and corporate assets, this Court granted Plaintiffs' motion for a Preliminary Injunction Order. (Docket No. 209.) On October 28, 2015, Thomas was arraigned on charges of Conspiracy to Commit Wire Fraud, in violation of Title 18 U.S.C. §1349, and Wire Fraud, in violation of Title 18, U.S.C. § 1343, under Indictment Number S4-15-CR-

---

[1] Certain documents associated with this motion have been filed under seal; redacted versions have been filed publicly. This Order refers to the public versions of such documents.

667-KPF (the "Criminal Case"). (Docket No. 210 ¶6.) Thomas now seeks a modification of the Preliminary Injunction Order, releasing certain assets in order to pay attorney's fees associated with the Criminal Case.

3. On October 30, 2015, Thomas' sought permission from this Court to file the retainer agreement from his counsel in the Criminal Case under seal, in support of a the motion for release of funds. (Docket No. 204.) In the Order granting the motion to seal, this Court specifically instructed Thomas as to the elements necessary to determine whether a release of funds was appropriate, stating:

> Counsel is reminded that any application must address the standard to be considered by this Court when determining whether to modify an asset freeze in a civil action to permit a defendant to retain counsel in a parallel criminal proceeding. Relevant factors include *whether there has been a demonstrated need for this relief* and whether the assets sought are traceable to fraudulent or criminal activity. See generally S.E.C. v. McGinn, No. 10-CV-457 GLS/DRH, 2012 WL 1142516, at *2-3 (N.D.N.Y. Apr. 4, 2012); S.E.C. v. FTC Capital Markets, Inc., No. 09 CIV. 4755 (PGG), 2010 WL 2652405, at *3-4 (S.D.N.Y. June 30, 2010); S.E.C. v. Coates, No. 94 CIV. 5361 (KMW), 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994).

(Docket No. 205, emphasis added.) Despite this instruction, Thomas proceeded to file the instant motion without any supporting evidence as to his unrestrained assets.

4. "[W]here a defendant in a civil enforcement action seeks to lift an asset freeze to retain counsel in a parallel criminal action, a court must determine whether (1) the defendant has demonstrated a need for the relief; (2) if so, the defendant has demonstrated that the assets for which release is sought are traceable to criminal activity; and (3) the defendant has shown that the value of the assets sought to be released is reasonable." S.E.C. v. McGinn, No. 10-CV-457 GLS/DRH, 2012 WL 1142516, at *3 (N.D.N.Y. Apr. 4, 2012). Thus, a demonstration that Thomas does not

have sufficient funds for his defense is a "threshold requirement" and, to meet this requirement, Thomas must submit "more than a mere recitation" as to his need, he "must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013) (finding that District Court did not err in denying an evidentiary hearing on release of forfeited funds where defendant failed to "demonstrate that he or she does not have sufficient alternative assets"). This requires a full accounting, and not simply general assertions that Thomas "does not have adequate assets with which to fund his criminal defense apart from" the frozen assets. United States v. All Funds on Deposit in Account Nos. 94660869, 9948199297, 80007487, 9115606297, 9116151903, 9931127481 in the names of Annette Bongiorno &/or Rudy Bongiorno at Citibank, N.A., No. 10 CIV. 4858 BSJ JCF, 2012 WL 2900487, at *1 (S.D.N.Y. July 6, 2012) aff'd sub nom. United States v. Bonventre, 720 F.3d 126 (2d Cir. 2013) (internal quotation and punctuation omitted).

5. Again, this requirement is not new information to Thomas. In addition to the instruction directed to Thomas' with respect to the sealing order on the instant motion, this Court has ruled in three prior orders—each on motions seeking release of fees for either living expenses or to fund counsel in his civil case—that Thomas failed to provide sufficient information as to his available assets such that an assessment could be made on whether he was entitled to relief. (Docket Nos. 93, 105, 166.) In each of these orders, this Court set forth the standard for determining whether such relief is appropriate, and yet Thomas failed to provide any additional information when filing the current motion. Indeed, rather than presenting evidence as to his lack of unrestrained

funds and resultant need for a release from the asset freeze, Thomas asserts instead that he has made nearly $60,000 in income as a professional poker player since the asset freeze went into effect. (Docket No. 201-5.) This evidence, as well as the assertions that Thomas has received $510,000 from poker over the past 10 years (id.), would tend to suggest that Thomas does not require the release of frozen assets to pay his criminal defense counsel.

6. Accordingly, like the prior motion to unfreeze assets for living expenses and attorney fees associated with the civil case, this motion must also be denied because the Court has not been presented with sufficient information regarding Thomas' assets, frozen or not, to perform the requisite analysis.

IT HEREBY IS ORDERED that Defendant Travell Thomas' motion for release of funds for attorneys' fees (Docket No. 210) is DENIED without prejudice to further applications.

SO ORDERED.

Dated: February 29, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge