**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, and<br><br>**PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN**, Attorney General of the State of New York,<br><br>　　　　　　Plaintiffs,<br>　　　　v.<br><br>**4 STAR RESOLUTION LLC**, et al.<br><br>　　　　　　Defendants. | Case No. 15-CV-112S(F)<br><br>[proposed] **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT WITH INDIVIDUAL DEFENDANT TRAVELL THOMAS AND THE 4 STAR CORPORATE DEFENDANTS** |

Plaintiffs, the Federal Trade Commission ("Commission") and People of the State of New York, by Eric T. Schneiderman, Attorney General of the State of New York ("NYAG") (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter on February 9, 2015, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), N.Y. Executive Law § 63(12), and N.Y. General Business Law Articles 22-A, § 349, and 29-H, § 602.

The Plaintiffs and Defendants 4 Star Resolution LLC, Profile Management, Inc., International Recovery Service LLC, Check Solutions Services Inc., Check Fraud Service LLC, Fourstar Revenue Management, LLC (collectively, "the 4 Star Corporate Defendants"), and Individual Defendant Travell Thomas (collectively with the 4 Star Corporate Defendants, the "4 Star Defendants") agree to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.　　This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unlawful debt collection practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FDCPA, 15 U.S.C. §§ 1692 – 1692p, N.Y. Executive Law § 63(12), N.Y. General Business Law § 349, and N.Y. General Business Law § 601.

3. The 4 Star Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the 4 Star Defendants admit the facts necessary to establish jurisdiction.

4. The 4 Star Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. The 4 Star Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "**Corporate Defendants**" means 4 Star Resolution LLC ("4 Star Resolution"), Profile Management, Inc. ("PMI"), International Recovery Service LLC ("International Recovery"), Check Solutions Services Inc. ("Check Solutions"), Check Fraud Service LLC ("Check Fraud"), Merchant Recovery Service, Inc. ("Merchant Recovery"), and Fourstar Revenue Management, LLC ("Fourstar Revenue"), and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

2. "**Credit repair services**" means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any

consumer's credit record, credit history, or credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

3. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

4. "**Debt collection activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due.

5. "**Debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent that such person collects or attempts to collect any debt that was in default at the time it was obtained by such person.

6. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

7. "**Financial-related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

   A. provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

   B. provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; or

C.      provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service.

8.     "**Individual Defendants**" means Travell Thomas, Maurice Sessum, and Charles Blakely III.

9.     "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.    **"Receiver"** means Garry M. Graber.

11.    "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to: (A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any

right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.  The foregoing shall include any manner of claimed assistance, including but not limited to auditing or examining a person's application for the mortgage, loan, debt, or obligation.

## ORDER

### I.    BAN ON DEBT COLLECTION ACTIVITIES

**IT IS ORDERED** that the 4 Star Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

A.    Participating in debt collection activities; and

B.    Advertising, marketing, promoting, offering for sale, selling, or buying any consumer or commercial debt or any information regarding a consumer relating to a debt.

### II.    PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that the 4 Star Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are permanently restrained and enjoined from:

A.  Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.  The terms or rates that are available for any loan or other extension of credit;

2.  Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.  That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.  Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.  That a consumer will receive legal representation;

6.  That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7.  The nature or terms of any refund, cancellation, exchange, or repurchase policy, including but not limited to the likelihood of a consumer obtaining

a full or partial refund, or the circumstances in which a full or partial

refund will be provided to the consumer; and

8. Any other fact material to consumers concerning any financial-related

product or service, such as: the total costs; any material restrictions,

limitations, or conditions; or any material aspect of its performance,

efficacy, nature, or central characteristics; and

B. Advertising or assisting others in advertising credit terms other than those terms

that actually are or will be arranged or offered by a creditor or lender.

## III.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of THIRTY MILLION dollars ($30,000,000) is entered

in favor of the Plaintiffs against the 4 Star Defendants, jointly and severally, as

equitable monetary relief.

B. In partial satisfaction of the judgment against the 4 Star Defendants:

1. The 4 Star Defendants shall relinquish any and all right, title, and interest

they possess in any funds held by the Corporate Defendants or by the

Receiver on behalf of the Corporate Defendants, including any funds held

in any reserve account maintained in connection with a merchant

agreement between any of the Corporate Defendants and any payment

processor, in favor of the Plaintiffs.

2. The following financial institutions holding accounts in the name of, or for

the benefit of, Individual Defendant Travell Thomas or any of the 4 Star

Corporate Defendants shall, pursuant to the Consent Preliminary Order Of

Forfeiture/ Money Judgment filed in S4 15 Cr. 667 (KPF) (S.D.N.Y.) [Dkt. No. 372], to the extent not already transferred, transfer as directed below all funds, if any, in the following accounts:

a.  Bank of America, N.A., shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account numbers xxxx0072, xxxx1385, and xxxx6924 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

b.  M&T Bank Corporation shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account number xxxx3996 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

c.  Citizens Bank, N.A., shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account number xxxx4227 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

d.  Lake Shore Savings Bank shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account number xxxx0009 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

e. TD Canada Trust shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account numbers xxxx0608, xxxx2560, and xxxx0495 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

f. First Niagara Bank, N.A., shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account numbers xxxx4095 and xxxx4202 in the names of TDT Consulting Corp and/or Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office;

g. Empire ONE Federal Credit Union (formerly Buffalo Postal Community Federal Credit Union) shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account number xxxx0006 in the name of Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office; and

h. E*TRADE Securities LLC shall, within 10 business days from receipt of a copy of this Order, transfer to the U.S. Attorney's Office all funds, if any, in account numbers xxxx9572, xxxx4423, and xxxx9261 in the name of Travell Thomas, in accordance with the instructions stated in Paragraphs 11 and 12 the Consent Preliminary Order Of Forfeiture/

Money Judgment filed in S4 15 Cr. 667 (KPF) (S.D.N.Y.) [Dkt. No. 372].

3. The 4 Star Defendants' counsel, Michael A. Benson, Esq., shall, pursuant to the Consent Preliminary Order Of Forfeiture/ Money Judgment filed in S4 15 Cr. 667 (KPF) (S.D.N.Y.) [Dkt. No. 372], to the extent not already transferred, transfer to the U.S. Attorney's Office all of the funds, if any, held in the attorney escrow account at the Law Office of Michael A. Benson that contains assets repatriated from the TD Canada Trust bank accounts xxxx0608, xxxx2560, and xxxx0495 in the name of Individual Defendant Travell Thomas, in accordance with instructions to be provided by a representative of the U.S. Attorney's Office.

4. The Receiver is ordered to transfer all of the remaining assets of the 4 Star Defendants, if any, held by the Receiver to the U.S. Attorney's Office. Such transfer must be made within 120 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the U.S. Attorney's Office. The Receiver and Plaintiffs can mutually agree to extend the 120-day deadline without further order of the Court. If the Receiver and Plaintiffs cannot agree on an extension, the Receiver may seek an extension from the Court upon a showing of good cause on notice to Plaintiffs.

5. If the U.S. Attorney's Office or the United States District Court for the Southern District of New York in Case No. 15 Cr 667 (KPF) determines that assets referenced in this Section of this Order should not be forfeited

to the United States, such assets shall be transferred to the Commission, in accordance with instructions to be provided by a representative of the Commission.

C. Upon completion of such transfers and payments identified in this Section, the remainder of the judgment is suspended as to the 4 Star Defendants, subject to the Subsections below.

D. Plaintiffs' agreement to the suspension of part of the judgment against the 4 Star Defendants is expressly premised upon the truthfulness, accuracy, and completeness of the 4 Star Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to Plaintiffs, including:

1. The financial statements of Individual Defendant Travell Thomas, 4 Star Resolution, PMI, International Recovery, and Check Fraud, and all attachments, submitted to the Plaintiffs in April 2015;

2. The deposition of Individual Defendant Travell Thomas, taken by Plaintiffs on May 5, 2015;

3. The financial statement of Individual Defendant Travell Thomas, submitted to the Plaintiffs in April 2017; and

4. The supplemental financial documents of Individual Defendant Travell Thomas, submitted to the Plaintiffs on July 10, 2017.

E. The suspension of the judgment will be lifted as to any 4 Star Defendant if, upon motion by the Plaintiffs, the Court finds that that 4 Star Defendant failed to disclose any material asset, materially misstated the value of any asset, or made

any other material misstatement or omission in the financial representations identified above.

F.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that 4 Star Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury amount alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G.  The 4 Star Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.  The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.  The 4 Star Defendants acknowledge that Individual Defendant Travell Thomas's Social Security Number and the 4 Star Corporate Defendants' Employer Identification Numbers, which they previously submitted to Plaintiffs, may be

used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

K.  Any money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  The 4 Star Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

L.  Plaintiffs may request any tax-related information, including amended tax returns and any other filings, that the 4 Star Defendants have the authority to release. Within 14 days of receipt of a written request from a representative of either Plaintiff in this case, the 4 Star Defendants must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the IRS or other tax authority to provide information directly to either Plaintiff.

M.  The 4 Star Defendants shall execute, or cause to be executed, within 3 days of written request, all documents necessary to effectuate the transfers of the assets identified in Subsection B of this Section.

N. The asset freeze is modified to permit the payments and transfers identified in Subsection B of this Section. Upon completion of all payments and transfers identified in Subsection B of this Section, the asset freeze as to the 4 Star Defendants is dissolved.

## IV. CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that the 4 Star Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient consumer information to enable the Plaintiffs to efficiently administer consumer redress. If a representative of either Plaintiff requests in writing any information related to redress, the 4 Star Defendants must provide it, in the form prescribed by the Plaintiffs, within 14 days.

B. Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt.

C. Failing to destroy such consumer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of either Plaintiff.

D.      *Provided, however,* that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.      COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that the 4 Star Defendants must fully cooperate with representatives of the Receiver to enable the Receiver to timely complete his duties so long as the Receivership is in effect.

## VI.      RECEIVERSHIP TERMINATION

**IT IS FURTHER ORDERED** that, unless the Receivership has already been terminated, the Receiver must complete all duties related to the Corporate Defendants, including resolving any timely claims filed against them, within 90 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term to complete his duties for good cause.  To the extent that the Receiver has incurred any fees or costs not previously submitted to the Court for approval, the Receiver is directed to submit a final fee application within 100 days after entry of this Order. Following entry of an order on the Receiver's final fee application and payment of any allowed claims, fees, and expenses approved by the Court, if applicable, the Receivership shall be terminated and the Receiver shall be discharged from his duties.

## VII.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the 4 Star Defendants obtain acknowledgments of receipt of this Order:

A.  Each of the 4 Star Defendants, within 7 days of entry of this Order, must submit to the Commission and the NYAG, an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 20 years after entry of this Order, Individual Defendant Travell Thomas for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and 4 Star Resolution, PMI, International Recovery, Check Solutions, Check Fraud, and Fourstar Revenue must each deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; and (2) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which either of the 4 Star Defendants delivered a copy of this Order, that defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the 4 Star Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each of the 4 Star Defendants must submit a compliance report, sworn under penalty of perjury.

    1.  Each of the 4 Star Defendants must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to

communicate with such Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant Travell Thomas must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, Individual Defendant Travell Thomas must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each of the 4 Star Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each of the 4 Star Defendants must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate

Defendant or any entity that such defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, Individual Defendant Travell Thomas must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Individual Defendant Travell Thomas performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and any Internet address of the business or entity.

C.  Each of the 4 Star Defendants must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.

The subject line must begin:  *FTC & NYAG v. 4 Star Resolution LLC, et al.*,

Matter Number X150023.

## IX.   RECORDKEEPING

**IT IS FURTHER ORDERED** that the 4 Star Defendants must create certain records for

20 years after entry of the Order, and retain each such record for 5 years.  Specifically,

the 4 Star Defendants for any business that such Defendant, individually or collectively

with any other Defendant, is a majority owner or controls directly or indirectly, must

create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name, addresses, and telephone numbers;

job title or position; dates of service; and, if applicable, the reason for termination;

C.    Records of all consumer complaints and refund requests, whether received

directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the Commission; and

E.    A copy of each unique advertisement or other marketing material.

## X.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the 4 Star Defendants'

compliance with this Order, including the financial representations upon which part of

the judgment was suspended and any failure to transfer any assets as required by this

Order:

A.    Within 14 days of receipt of a written request from a representative of either

Plaintiff, each of the 4 Star Defendants must:  submit additional compliance

reports or other requested information, which must be sworn under penalty of

perjury; appear for depositions; and produce documents for inspection and

copying.  Plaintiffs are also authorized to obtain discovery, without further leave

of Court, using any of the procedures prescribed by Federal Rules of Civil

Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, Plaintiffs are authorized to communicate

directly with the 4 Star Defendants.  The 4 Star Defendants must permit

representatives of either Plaintiff to interview any employee or other person

affiliated with the 4 Star Defendants who has agreed to such an interview.  The

person interviewed may have counsel present.

C.    Plaintiffs may use all other lawful means, including posing, through their

representatives, as consumers, suppliers, or other individuals or entities, to the

4 Star Defendants or any individual or entity affiliated with them, without the

necessity of identification or prior notice.  Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of either Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant Travell Thomas, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED this ___ day of _____ 201_.

_____
HON. WILLIAM M. SKRETNY
United States District Judge

SO STIPULATED AND AGREED:

FOR PLAINTIFFS:

Dated: March 2 ___, 2018

_____
KAREN DAHLBERG O'CONNELL
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Telephone: (212) 607-2821
*Attorney for Plaintiff Federal Trade Commission*

Dated: 2/15 ___, 2018

_____
JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471
*Attorney for Plaintiff State of New York*

FOR THE 4 STAR DEFENDANTS:

Dated: _____, 2017

MICHAEL A. BENSON
77 N. Buffalo Street
Buffalo, NY 14141
Telephone: (716) 592-2900
*Attorney for the 4 Star Defendants*

THE 4 STAR DEFENDANTS:

Dated: _____, 2017

TRAVELL THOMAS
*Individually, and as an officer of 4 Star Resolution
LLC, Profile Management, Inc., International
Recovery Service LLC, Check Solutions Services
Inc., Check Fraud Service LLC, and Fourstar
Revenue Management, LLC*