UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL    TRADE    COMMISSION    and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General of
the State of New York,

                              Plaintiffs,

        v.                                                          **DECISION AND ORDER**
                                                                    15-CV-112S
4 STAR RESOULTION, LLC, et al.,

                              Defendants.

1.      Presently before this Court is Plaintiffs' motion for entry of stipulated final orders resolving all claims against all Defendants and for an order directing the Receiver to deny any remaining creditors' claims against the seven Corporate Defendants:  4 Star Resolution LLC, Profile Management, Inc., International Recovery Service LLC, Check Solutions Services Inc., Check Fraud Service LLC, Merchant Recovery Service, Inc., and Fourstar Revenue Management, LLC.  Familiarity with the facts of this case and its procedural history is assumed.

2.      The Corporate Defendants' assets were initially frozen on February 10, 2015 and placed with a Receiver, Gary M. Graber, pursuant to a temporary restraining order issued by this Court.  (Docket No. 29.)  The assets remained frozen pursuant to this Court's November 21, 2015 order granting Plaintiffs' preliminary injunction motion for an asset freeze.  (Docket No. 209.)

3.      On October 27, 2015, Defendants Travell Thomas and Marcus Sessum were indicted in the Southern District of New York on charges of criminal conduct in connection with their debt collection practices.  See United States v. Thomas, et al., S4

1

15 Cr. 667 (KPF).   In April and July 2017, Thomas and Sessum each entered into stipulated criminal forfeiture orders that require them to forfeit, *inter alia*, all of the Corporate Defendants' assets, including all of the funds contained in bank accounts controlled by the Receiver.   Public notice of the preliminary forfeiture order signed by Thomas was posted on www.forfeiture.gov beginning on June 15, 2017.   No third party filed a petition seeking to challenge the Government's interest in any of the forfeited property.

4.      Plaintiffs contend that any remaining creditors' claims should now be denied because such claims should have been resolved in an ancillary proceeding to the Southern District criminal action pursuant to Federal Rule of Criminal Procedure 32.2(c), as "[a]n ancillary proceeding provides the exclusive means by which a third party can claim an interest in the property subject to forfeiture."   United States v. King, No. 10 CR 122 JGK, 2012 WL 2261117, at *4 (S.D.N.Y. June 18, 2012).   Further, the Plaintiffs contend, even if any such claims had been filed, they would have failed on substantive grounds because criminal forfeiture orders relate back to the commission of the acts giving rise to forfeiture, and the Government's interest in the forfeited property vests at the time of the commission of the crime.   See 21 U.S.C. § 853(c).

5.      This Court is not aware of any third party claims that have been made by the appropriate means and accepts Plaintiffs' *prima facie* showing that any such claims would not be valid.   Accordingly, Plaintiffs' motion is granted, and the Receiver is directed deny all remaining creditors' claims against the Corporate Defendants.

6.      With respect to Plaintiffs' motion seeking entry of the Stipulated Orders for Permanent Injunction and Monetary Judgment, that motion is granted and the Stipulated

Orders will be entered.  All pending matters having been resolved, the Clerk of Court is directed to close this case.

IT HEREBY IS ORDERED, that Plaintiffs' motion for entry of stipulated final orders resolving all claims against all Defendants and for an order directing the Receiver to deny all remaining creditors' claims against the Corporate Defendants (Docket No. 286) is GRANTED;

FURTHER, that the Receiver is directed to deny all remaining creditors' claims against the 4 Star Resolution LLC, Profile Management, Inc., International Recovery Service LLC, Check Solutions Services Inc., Check Fraud Service LLC, Merchant Recovery Service, Inc., and Fourstar Revenue Management, LLC;

FURTHER, that the Receiver is directed to submit any fee motions within 30 days of this order.  Upon final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall be discharged;

FURTHER, that the Receiver is ordered to comply with the criminal forfeiture orders entered into by Defendants Thomas and Sessum in the Southern District of New York (United States v. Thomas, et al., S4 15 Cr. 667 (KPF)) ;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 20, 2018
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

3