UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK,

                  Plaintiffs,

    -vs-

4 STAR RESOLUTION, LLC, *et al.*,

                  Defendants.

Civil No.:  15-cv-112-WMS-LGF

---

### DECLARATION OF JAMES C. THOMAN IN SUPPORT OF FIFTH MOTION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, JAMES C. THOMAN, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declare the following to be true and correct:

1.  I am a partner at the law firm of Hodgson Russ LLP, counsel to Garry M. Graber, Esq., appointed as Receiver (the "Receiver") in this action.  I am thoroughly familiar with the procedural history and the factual allegations in this matter.  I make this declaration in support of the Receiver's Motion for Allowance of Compensation and Reimbursement of Expenses pursuant to Section XIII of this Court's Ex Parte Temporary Restraining Order With An Asset Freeze, Appointment Of A Receiver, and Other Equitable Relief (the "TRO") (Docket No. 29) and Section X of the Court's Stipulated Preliminary Injunction Order (the "Stipulated Order") (Docket No. 115).  I respectfully represent as follows:

### INTRODUCTION

2.  The Federal Trade Commission ("FTC") commenced an action against Four Star Resolution LLC, *et al.* in the United States District Court for the Western District of New York on February 10, 2015 and an Ex Parte Temporary Restraining Order with Asset Freeze,

Appointment of Receiver, and Other Equitable Relief (the "TRO") was entered (Docket No. 29), appointing Garry M. Graber, Esq. as temporary Receiver for certain of the defendants and other entities in this action. A Stipulated Preliminary Injunction Order (the "Stipulated Order") was entered on May 22, 2015 (Docket No. 115) appointing Garry M. Graber as Receiver.

3. Upon motion of Plaintiffs, Federal Trade Commission and People of the State of New York, the Court entered the TRO on February 10, 2015 that, *inter alia*, appointed Garry M. Graber, Esq. as temporary Receiver for the following companies defined in the TRO Order as "Corporate Defendants":

- 4 Star Resolution LLC;
- Profile Management, Inc.;
- International Recovery Service LLC;
- Check Solutions Services Inc.;
- Check Fraud Services, LLC;
- Merchant Recovery Service, Inc.; and
- Fourstar Revenue Management LLC.

4. The Stipulated Order, which supersedes the TRO, continues the Receiver's appointment and directs and authorizes the Receiver to assume control of the Corporate Defendants and take custody and control of all assets, documents and electronically stored information. The Stipulated Order further directs the Receiver to, *inter alia*, secure the property of the Corporate Defendants and to hold and manage all assets of the Corporate Defendants. *See* Stipulated Order at Section VII.

5. Section VII – I. of the Stipulated Order directs and authorizes the Receiver to "choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order."

6. On or about April 21, 2017, a Consent Preliminary Order of Forfeiture/Money Judgment (the "Forfeiture Order") was entered in the District Court for the Southern District of New York criminal case against Travell Thomas (the "Criminal Case") seeking the turnover of certain funds and/or property to the United States Marshals Service.

7. On or about March 6, 2018, the Plaintiffs filed a Motion to Enter Stipulated Final Orders and Direct the Receiver to Deny All Remaining Claims (the "Settlement Motion") (Docket No. 286) seeking final orders for the resolution and conclusion of this matter.

8. On or about March 20, 2018, the Court entered a Decision and Order granting the Settlement Motion and directing the closure of this action (Docket No. 287), Stipulated Order for Permanent Injunction and Monetary Judgment with Individual Defendant Travell Thomas and the 4 Star Corporate Defendants (Docket No. 288), Stipulated Order for Permanent Injunction and Monetary Judgment with Individual Defendant Charles P. Blakely, III, and Merchant Recovery Service, Inc. (Docket No. 289), and Stipulated Order for Permanent Injunction and Monetary Judgment with Individual Defendant Maurice Sessum (Docket No. 290), (collectively, the "Final Orders").

9. During the fifth interim fee application period from April 1, 2017 through March 20, 2018 (the "Fifth Application Period"), Hodgson Russ LLP ("Hodgson") performed

3

legal services for the Receiver, which are each more particularly described below and itemized in the detailed time records attached hereto as **Exhibit A**.

10. The Receiver's, as well as his counsel's fees, include a 15% discount from the normal hourly rates charged by Hodgson. The Receiver's hourly rate for this engagement is $378.25 per hour, a 15% reduction from his standard rate of $445.00 per hour.

11. Through March 20, 2018, the Receivership has incurred $9,392.76 in fees for professional services of the Receiver and his counsel. In addition, $4,288.23 in out-of-pocket expenses have been invoiced by his counsel. The amounts accrued are reasonable and warranted in this matter, which involves several interrelated companies in the collections industry, many former employees, volumes of electronic and paper records and a variety of unique issues involving the handling of assets, liabilities and recovery of funds. In order to carry out the Receiver's court-mandated directives, a high level of coordination among the parties and with non-party individuals and entities has been required in this matter on a frequent basis.

## <u>SUMMARY OF THE SERVICES RENDERED</u>

12. During the Fifth Application Period, the Receiver and his counsel continued their obligation to assume control of the Corporate Defendants and maintain custody and control of all assets, documents and electronically stored information.

13. During the Fifth Application Period, the Receiver and his counsel also expended time researching and obtaining quotes to have the documents, hard drives, and any electronic devices containing sensitive consumer information located in the Charlotte, North Carolina and Buffalo, New York storage units securely shredded and/or destroyed.

4

14. The Receiver has approximately $704,195.52 in the Receivership accounts. The Receivership accounts are currently frozen due to the Forfeiture Order

15. During the Fifth Application Period, the Receiver and his counsel worked extensively with the Plaintiffs to reach a settlement and resolution of this matter.  The Receiver also worked to address the issues regarding unpaid professional fees and expenses that remain due and owing to the Receiver from the Fourth Application Period, along with discussions regarding the resolution of the Receivership due to the Forfeiture Order entered in the Criminal Case.

16. The Receivership has sufficient funds to cover all professional fees and costs incurred through March 20, 2018, the Receiver respectfully requests that the Court review the fees and expenses submitted for reasonableness and approve the total amount invoiced by the Receiver and his retained professionals as reasonable.  The Receiver also requests an additional $2,000.00 in fees to coordinate the transfer of assets pursuant to the Settlement Motion and Forfeiture Order.

A.     Receiver – Garry M. Graber, Esq.:

17. Prior to his appointment, the Receiver informed Plaintiffs in his proposal that his rate for this matter would be $378.25/hour, a sizeable discount from his standard hourly rate of $445.  That rate was included in the materials presented to this Court for consideration prior to the Receiver's appointment.  The Receiver's fees are included in the Hodgson Russ total fees requested.

B.     Counsel for Receiver – Hodgson Russ LLP:

18. Total Fees:  $9,392.76 for the Fifth Application Period.  Lead counsel for the Receiver, James C. Thoman, has discounted his usual rate of $310/hour for this matter.  His time has been billed at $263.50/hour.  All Hodgson attorneys who have time on this matter did so with a 15% discount to their 2015 hourly rate, which has not increased during the pendency of this case.[1]  This rate is consistent with the materials presented by this Court prior to the Receiver's appointment.  When appropriate, administrative tasks, including a great deal of correspondence with receivership employees, have been handled by Hodgson's paralegals and support staff.

C.     Out of Pocket Expenses:

19. Hodgson seeks $4,288.23 for expenses advanced incidental to the professional services rendered on behalf of the Receivership during the same period.  Annexed as **Exhibit B** is an itemized, chronological, monthly statement of all expenses incurred for which Hodgson seeks reimbursement, including postage, storage unit fees, reproduction costs, long distance phone charges and travel/mileage fees.  These expenses were related to the Receiver's continued obligation to maintain custody and control of assets, documents and electronically stored information.  In connection with this Declaration, disbursements that are actually paid or incurred by Hodgson are billed.  In providing a reimbursable service on behalf of the Plaintiffs, Hodgson does not make a profit on that service.  Hodgson has requested reimbursement only for the amount billed by a third party vendor and paid by Hodgson to said vendor.  In charging for a particular service, Hodgson does not include in the amount for which

---

[1] Mr. Thoman's standard rate for 2018 is $340.00 an hour.

reimbursement is sought the amortization of the costs of any investment, equipment or capital outlay.

**REQUEST FOR COMPENSATION**

20. The Receiver has adequately demonstrated that the amount of fees requested is appropriate. The Receiver and his counsel worked extensively with the Plaintiffs for the turnover of professional fees and expenses that remain due and owing to the Receiver from the Fourth Application Period and worked to reach a settlement and resolution of this matter, along with discussions regarding the termination of the Receivership. The Receiver assigned work, when appropriate, to his counsel's paralegal staff in an attempt to minimize the expense and preserve estate assets.

21. The hourly rates charged by the attorneys providing services to the Receiver, as well as the Receiver's hourly rate, were disclosed prior to the Receiver's appointment and are below the customary rates of the attorneys and accountants working on this case. The Receiver took steps to limit out-of-pocket expenses by limiting the size of his team and refraining from incurring other expenses not deemed essential to carrying out the Receiver's Court-mandated duties.

22. When appropriate, much of the day-to-day work performed was handled by Hodgson paralegals and legal assistants, which further controlled fees accrued in this matter.

23. The Receiver respectfully requests that a full payment to his counsel is appropriate in this matter. Accordingly, a full and immediate payment of fees up through March 20, 2018 is justified and warranted, in addition to $2,000.00 to compensate the Receiver's counsel for the wind-down of the Receivership as requested in and by the

7

Settlement Motion and Final Orders, and any unused fees with be turned over to the U.S. Attorney's Office.

24. The Receiver respectfully requests that a full payment of all out-of-pocket expenses of the Receiver invoiced through March 20, 2018 be approved by this Court.

25. The Receiver requests authority to apply the fees and expenses set forth herein on a pro-rata basis to each of the Corporate Defendants based on the amounts currently held by the Receiver on behalf of each of the entities.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an Order, substantially in the form annexed as **Exhibit C**, (1) approving Hodgson's reasonable attorneys' fees in the amount of $11,392.76 incurred on behalf of the Receiver during the Fifth Application Period, which includes $2,000.00 to complete the wind-down of the Receivership, together with disbursements advanced by Hodgson Russ on behalf of the Receiver over the same period in the amount of $4,288.23, and (2) granting such other and further relief as it may deem just and proper.

Dated: Buffalo, New York
          March 20, 2018

                                              **HODGSON RUSS LLP**
*Counsel for the Receiver, Garry M. Graber, Esq.*

By:  /s/ James C. Thoman
                 James C. Thoman, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Email:  jthoman@hodgsonruss.com

8